UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALDEN J. BOUZA, JR.,

   *Plaintiff,*

v.

BAY COUNTY, et al.,

   *Defendant.*
_____/

Case No. 1:25-cv-10261

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS CASE

**I. RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that the Court **DISMISS** Plaintiff Alden J. Bouza, Jr.'s complaint, *sua sponte*, under 28 U.S.C. § 1915(e)(2).

**II. REPORT**

 **A. Background**

This is the second of two cases filed by Bouza on January 28, 2025. The first has been assigned case number 1:25-cv-10260.

On February 5, 2025, the Court referred this case to the Undersigned for all pretrial matters. (ECF No. 4). Later that day, the Undersigned granted Bouza's motion to proceed *in forma pauperis* ("IFP"). (ECF No. 5). The Undersigned has

1

now reviewed his complaint and recommends that the Court dismiss this case on its own accord. A separate Report and Recommendation will be entered in Bouza's first case recommending the same result.

In the instant case, Bouza alleges that his constitutional rights were violated during a search of his vehicle and subsequently when a state court judge set a "35,000-dollar cash bond on a non-criminal matter." (ECF No. 1, PageID.11, 13–15, 18). He is suing five individuals—Officer K. Wolfe, Public Safety Officer N. Schlosser, Judge Dawn Klida, Public Safety Officer J. Ney, and Public Safety Officer T. Bongard—in their official capacities. (*Id.* at PageID.12–13).

Bouza says that the constitutional violations were "direct[ly] and proximate[ly] caus[d]" by a failure to train officers "as to proper role." (*Id.* at PageID.18). Bouza does not explain why he is suing Judge Klida in her official capacity.

**B.    Legal Standard**

Because Bouza proceeds IFP, he subjects this case to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Under § 1915, courts may *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of [his] claims that would entitle [him] to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Still, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Id.*

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**C. Analysis**

To state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Further, the allegations must be set forth in "simple, concise, and direct" manner.

Fed. R. Civ. P. 8(d)(1).  Ultimately, "[a] complaint must contain more than legal labels, conclusions, or a recitation of the elements of a cause of action, and it must also contain 'enough facts to state a claim to relief that is plausible on its face.' " *Lipsey v. 74th Jud. Cir. Ct.*, No. 1:22-CV-10471, 2022 WL 2402661, at *2 (E.D. Mich. Mar. 29, 2022) (quoting *Twombly*, 550 U.S. at 570), *report and recommendation adopted*, 2022 WL 2841473 (E.D. Mich. July 20, 2022).

Because Bouza is suing Defendants in their official rather than individual capacities, he must satisfy the specific pleading requirements for a claim against a municipality.  To do so here, he must plead facts establishing the elements of a failure-to-train claim.  Such a claim "requires a showing of prior instances of unconstitutional conduct demonstrating that the municipality had ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (cleaned up).  Bouza has "not set forth *any* facts that there were prior instances of similar misconduct so as to show that the [municipality] was on notice that its training and supervision with respect to the use of force" during arrests was deficient. *Id.* (emphasis in original).

Moreover, Bouza does not provide any allegations in support of his official-

4

capacity claim against Judge Klida.[1]  Suing Judge Klida in her official capacity "for acts performed within the scope of h[er] authority is equivalent to suing the state itself." *Marsh v. Randolph*, No. 1:09-CV-13, 2012 WL 397778, at *4 (E.D. Tenn. Feb. 7, 2012) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).  States have sovereign immunity under the Eleventh Amendment.  Put succinctly, this means that an individual cannot sue Michigan in federal court for a violation of his constitutional rights unless he is seeking "prospective relief to end a continuing violation of federal law." *Carten v. Kent State Univ.*, 282 F.3d 391, 395 (6th Cir. 2002).  Here, Bouza seeks only monetary damages.  (ECF No. 1, PageID.5).  Thus, his claim against Judge Klida should be dismissed with prejudice for lack of jurisdiction. *See Marsh*, 2012 WL 397778, at *5 ("Accordingly, because Marsh has failed to raise a sufficient claim for excessive bail, and since federal courts generally have no subject matter jurisdiction over § 1983 causes of actions against officials of a state sued in their official capacities, to the extent Marsh sues the State Judges and Assistant District Attorney in their official capacities, the claims will be DISMISSED WITH PREJUDICE for lack of jurisdiction." (emphasis omitted)).

In sum, Bouza's complaint does not contain sufficient facts to state plausible

---

[1] A claim against Judge Klida in her individual capacity would be subject to dismissal under the doctrine of absolute judicial immunity. *See Marsh v. Randolph*, No. 1:09-CV-13, 2012 WL 397778, at *4 (E.D. Tenn. Feb. 7, 2012) ("[A] determination of bond and any alleged claim arising from the exercise of that judicial function is barred by absolute immunity.").

claims against Defendants in their official capacities. Accordingly, the complaint should be dismissed under § 1915(e)(2).

### D. Conclusion

For these reasons, **IT IS RECOMMENDED** that the Court **DISMISS** Bouza's complaint, *sua sponte*, under 28 U.S.C. § 1915(e)(2).

### III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 20, 2025

s/PATRICIA T. MORRIS  
Patricia T. Morris  
United States Magistrate Judge