UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALDEN J. BOUZA, JR.,

                Plaintiff,                Case No. 1:25-cv-10261

v.

BAY CITY POLICE DEPARTMENT, *et al*.      Honorable Thomas L. Ludington
                                                                              United States District Judge

                Defendants.            Honorable Patricia T. Morris
                                                                              United States Magistrate Judge
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT

On January 28, 2025, Plaintiff Alden J. Bouza, Jr. filed a *pro se* Complaint against (1) Bay County Sheriff Deputy Katelynn Wolfe, (2) Bay City Public Safety Officer "N. Schlosser," (3) Bay City Public Safety officer "J. Ney," (4), Bay City Public Safety Officer "T. Bongard," and (5) Bay County District Court Judge Dawn Klida. ECF No. 1. Plaintiff sues all Defendants in their official—as opposed to individual—capacities. *Id.* at PageID.2–3. He seemingly alleges Defendants Schlosser, Ney, Bongard, and Wolfe deprived him of his Fourth Amendment rights by falsely arresting and imprisoning him. *Id.* at PageID.3–5. And Plaintiff alleges Judge Klida subjected him to "excessive bail" in violation of the Eighth Amendment. *Id.* at PageID.3.

The factual allegations in Plaintiff's Complaint are confusing. Plaintiff alleges that, on June 8, 2024, Defendant Schlosser searched his "2013 Audi A6" because he was a suspected "drug offender[.]" *Id.* at PageID.4. Plaintiff was then arrested, and alleges that—while handcuffed—he "hit [his] knee" "upon [entering] the patrol cruiser," which "reaggravate[ed]" a "preexisting condition[.]" *Id.* at PageID.5. And although Plaintiff conclusively alleges Judge Klida imposed excessive bail, he does not even attempt to explain how. *See generally id.* From these scant facts, Plaintiff seeks $603,475 in damages. *Id.*

On February 4, 2025, this Court referred all pretrial matters to Magistrate Judge Patricia T. Morris, ECF No. 4. The next day, Judge Morris granted Plaintiff's application to proceed *in forma pauperis* (IFP). ECF No. 5. But proceeding IFP subjects Plaintiff's Complaint to the Prisoner Litigation Reform Act's screening requirements. Indeed, the PLRA counsels courts to dismiss IFP complaints that (i) are frivolous or malicious, (ii) fail to state a claim on which relief may be granted, or (iii) seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B).

After screening Plaintiff's IFP Complaint, Judge Morris issued a report (R&R) recommending this Court *sua sponte* dismiss it for failure to state a claim. ECF No. 6. Judge Morris explained that—although he sues Defendants in their official capacities—Plaintiff does not plead any facts sufficient for municipal 42 U.S.C. § 1983 liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *See id.* at PageID.92. Judge Morris also explained that Judge Klida is immune from Plaintiff's official-capacity damages claim against her. *Id.* at PageID.93.

In accordance with Civil Rule 72(b)(2), Judge Morris provided the Parties fourteen days to object. The Parties did not do so. Thus, they have forfeited their right to appeal Judge Morris's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). There is no clear error in Judge Morris's R&R.

Accordingly, it is **ORDERED** that Magistrate Judge Patricia T. Morris's Report and Recommendation, ECF No. 6, is **ADOPTED.**

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

**This is a final order and closes the above-captioned case.**

Dated: March 12, 2025　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　United States District Judge